UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEATHER L., )<br>)<br>       **Plaintiff** )<br>)<br>v.                                  )<br>)<br>MARTIN O'MALLEY, )<br>Commissioner of Social Security, )<br>)<br>       **Defendant** ) | No. 1:23-cv-00048-JDL |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Supplemental Security Income (SSI) appeal contends that the Administrative Law Judge (ALJ) erred in ignoring a post-hearing affidavit of vocational expert (VE) David W. Meuse stating that a person with a working memory index score of 66, like the Plaintiff, would not be capable of performing any of the jobs identified by the VE at hearing. *See* Plaintiff's Supplemental Brief (ECF No. 23) at 1-5.[1] I agree that this error requires remand and, accordingly, recommend that the Court vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had severe impairments of borderline intellectual functioning (BIF), post-traumatic stress disorder (PTSD),

---

[1] I adopted the parties' proposal to continue this matter from the September 2023 oral argument list to allow time for supplemental briefing after the Plaintiff's counsel alerted the Court that he had discovered a significant factual error in his briefs. *See* ECF Nos. 18-21. I heard oral argument in December 2023 with the benefit of review of the parties' supplemental briefs.

1

depressive disorder, anxiety disorder, and chronic obstructive pulmonary disease (COPD), *see* Record at 19; (2) retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but needed to avoid concentrated exposure to dusts, odors, fumes, and other pulmonary irritants; could perform simple, routine tasks; could never interact with the public; and could adapt to simple changes in the work setting, *see id.* at 21-22; (3) could perform jobs existing in significant numbers in the national economy, *see id.* at 28; and (4) therefore had not been disabled at any time from August 29, 2019, the date she filed her SSI application, through April 4, 2022, the date of the decision, *see id.* at 30. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).[2]

### III. Discussion

This Court "has held that an error in ignoring post-hearing rebuttal vocational evidence such as the Meuse affidavit warrants remand when the ignored opinion, *if accepted*, would be outcome-determinative." *Katherine L. v. Kijakazi*, No. 2:20-cv-00439-JAW, 2022 WL 153272, at *3 (D. Me. Jan. 17, 2022) (rec. dec.) (cleaned up)), *aff'd*, 2022 WL 523415 (D. Me. Feb. 22, 2022). The ALJ rejected a prior 2021 affidavit from Mr. Meuse but did not address the 2022 affidavit at issue here. Indeed, it is clear the ALJ missed the 2022 affidavit. *See* Record at 29.

The Commissioner nonetheless argues that remand is unwarranted because the Meuse affidavit, which is based on a working memory index score of 66 assessed by agency examining consultant James F. Whelan, Jr., Psy.D., is irrelevant. The Commissioner asserts that the Meuse affidavit is irrelevant because the ALJ adopted the testimony of impartial medical expert Colette Valette, Ph.D. at hearing that the full-scale IQ (FSIQ) score (which is based on the combined performance of four index

---

[2] The Commissioner asserts that, pursuant to the substantial evidence standard, a claimant "must show that her view of the evidence is not only right, but very, very right such that every reasonable person would be compelled to agree with her interpretation," a proposition for which she cites *Jimenez-Portillo v. Garland*, 56 F.4th 162, 167 (1st Cir. 2022). Commissioner's Supplemental Brief (ECF No. 24) at 3 (cleaned up). The First Circuit did not so hold in *Jimenez-Portillo*. Rather, it observed that pursuant to the substantial evidence standard, a court "must honor the agency's findings of fact as long as those findings are supported by reasonable, substantial, and probative evidence on the record considered as a whole," and that, in the context of review of a Board of Immigration Appeals decision, reversal is warranted "only if the record compels the contrary conclusion." *Jimenez-Portillo*, 56 F.4th at 167 (cleaned up). Moreover, as noted above, the Supreme Court in *Biestek*—a Social Security case—defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (cleaned up).

scores) was invalid. *See* Commissioner's Supplemental Brief (ECF No. 24) at 4-5. The Plaintiff argues that neither Dr. Valette nor the ALJ fairly can be said to have discounted the working memory index score of 66. *See* Plaintiff's Supplemental Reply (ECF No. 25) at 1-4. I agree with the Plaintiff.

Dr. Valette testified that the FSIQ score of 73 was invalid because Dr. Whelan failed to interpret the test results despite the presence of "scatter," or excessive differences, among the underlying scaled scores. *See* Record at 46, 49-50, 839-40. She explained that, in her view, Dr. Whelan's failure to do so undermined his diagnosis of BIF and suggested that the Plaintiff might have a learning disability instead. *See id.* at 50-52. She did not dispute the validity of the index scores that Dr. Whelan had assessed, including his working memory index score of 66. *See id.* at 45-46, 49-52, 839-40.

As the Commissioner notes, *see* Commissioner's Supplemental Brief at 5, Dr. Valette stated that she did not "agree with" or "put any weight" on the Whelan report, Record at 54-55, 836-42. However, she also testified that she was criticizing Dr. Whelan's failure to interpret the test results, not the test results themselves. *See id.* at 51-52 ("I'm not saying that the scores are invalid. I'm saying the scores weren't interpreted and from my knowledge of psych testing . . . [t]his scatter—if this were me testing and I got those scores from her, I would say it's highly likely she has a learning disability, which is also supported by her stating that she was in special ed classes.").

4

Nor did *the ALJ* deem the Whelan working memory index of 66 invalid. Following the hearing, the Plaintiff's counsel submitted the opinion of psychologist Joseph F. Wojcik, Ph.D., on the validity of the Whelan test scores. *See* Record at 607-09. Dr. Wojcik questioned the validity of both the FSIQ of 73 and the BIF diagnosis and noted that the Plaintiff's verbal comprehension index score reflected "varying abilities." *Id*. at 607-08. However, he deemed the working memory score of 66 "reliable," explaining that there was "no scatter" between the two relevant working memory subtests. *Id*. at 607.

The ALJ noted, but did not discredit, Dr. Wojcik's opinion that the working memory score of 66 was reliable. *See id*. at 26, 29. He explained that, while Dr. Wojcik "did not confirm the FSIQ score or otherwise confirm the Borderline Intellectual Functioning," the "primary issue" in the case was not the Plaintiff's "ultimate diagnosis" but, rather, her "functional abilities." *Id*. at 26. He deemed the Wojcik assessment "unpersuasive in assessing the [Plaintiff's] [RFC] for the relevant period." *Id*. However, while he noted that Dr. Wojcik had "provided a conclusion regarding the Working Memory Index," he made no comment on that conclusion. *Id*. at 26, 29.

Because the Meuse opinion was predicated on an IQ score that neither Dr. Valette nor the ALJ discounted, and that opinion would have been outcome-determinative if accepted, the ALJ's failure to address it requires reversal and remand. *See, e.g., Katherine L.*, 2022 WL 153272, at *3.

5

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: February 2, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge