UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEATHER L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:23-cv-00048-JDL |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Heather L. seeks judicial review of the Social Security Administration Commissioner's final decision determining that she is not disabled and denying her application for Supplemental Security Income (ECF No. 1). Pursuant to 28 U.S.C.A. § 636(b)(3) (West 2024) and D. Me. Local R. 16.3(a)(2), United States Magistrate Judge Karen Frink Wolf held a hearing on Plaintiff's Statement of Errors (ECF No. 12) on December 13, 2023. The Magistrate Judge filed her Recommended Decision with the Court on February 2, 2024 (ECF No. 28), recommending that the Court vacate the Commissioner's decision. The time within which to file objections has expired, and no objections have been filed. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal.

After the Magistrate Judge filed her Recommended Decision with the Court, the Plaintiff filed a Motion to Amend the Recommended Decision (ECF No. 29),

1

requesting that the Court add language to "specify that the period under consideration on remand is that period commencing September 9, 2019[,] and continuing up to April 3, 2022." ECF No. 29 at 3. The Commissioner filed a response (ECF No. 31) indicating that he does not object to the motion.

Having reviewed and considered the Magistrate Judge's Recommended Decision, I concur with the Magistrate Judge's conclusions as set forth in her Recommended Decision. I also conclude that it is appropriate for the Court to limit the scope of the remand to the timeframe that the Plaintiff has identified. *See Heather B. v. Saul*, No. 2:19-CV-00484-JDL, 2020 WL 5106585, at *3 (D. Me. Aug. 31, 2020) (rec. dec.) ("[I]n an abundance of caution, and in keeping with this court's precedent when claimants have raised similar concerns that the commissioner will use remand as a vehicle to revisit a subsequent favorable grant of disability benefits, I recommend that the court remand this case with the instruction that proceedings be limited to the period at issue in the appeal before the court . . . ." (alteration in original) (internal quotation marks and citation omitted)), *aff'd*, 2020 WL 6163126 (D. Me. Oct. 21, 2020).

It is therefore **ORDERED** that the Recommended Decision (ECF No. 28) of the Magistrate Judge is hereby **ACCEPTED**, the Commissioner's decision is **VACATED**, and the matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C.A. § 405(g) (West 2024) for further administrative action consistent with this opinion. It is further **ORDERED** that the scope of this remand is limited to the period from September 9, 2019, through April 3, 2022, and the

Plaintiff's Motion to Amend the Recommended Decision (ECF No. 29) is **DENIED** as moot.

    **SO ORDERED.**

    **Dated this 29th day of March, 2024.**

                                      /s/ Jon D. Levy
                                    **U.S. DISTRICT JUDGE**